# Grasing & Associates, P.C.

RAYMOND R. GRASING, ESQ.*
----------
ADMITTED IN NY AND CT

99 SMITHTOWN BOULEVARD – SUITE 6
SMITHTOWN, NEW YORK 11787

EMAIL:RGRASING@GRASINGLAW.COM

(631)240-4480
FAX: (631)295-3380

March 12, 2024

Via ECF
Hon. Frederick Bloc USDJ
United States District Court
Eastern District of New York
225 Cadman Plaza East, Brooklyn, NY, 11201

    Re:    *Long Island Social Media Group, LLC, Saranto Calamas, Clifford Pfleger, Secure Operations Monitoring Services, Inc. v. LeTip International, Inc., LeTip World Franchise, LLC, Summer Middleton, Paul Dellavalle.*
United States District Court for the Eastern District of New York
<u>Case No. 23-cv- 09405</u>

Dear Honorable Sir:

    We represent Plaintiffs, *Long Island Social Media Group, LLC, Saranto Calamas, Clifford Pfleger, Secure Operations Monitoring Services, Inc* in the above-referenced action.

    This is submitted, pursuant to your Individual Rule 2.A., in response to Defendants' February 27, 2024 letter motion requesting a premotion conference to discuss Defendants' intention to file a motion seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, transfer venue to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a). This response is timely because the Court previously granted Plaintiffs' request (docket 16) for an extension of time to file a response through March 12, 2024, and did so by minute order entered March 5, 2024 at 0950 hrs.

    The above-referenced action (the "EDNY Action") should not be dismissed, and it should not be transferred to the United States District Court for the District of Arizona.

    The EDNY Action was commenced prior to the Arizona Action, though the Defendants in both actions were served with the respective Summons and Complaint on the same day.

    The Plaintiffs in the EDNY Action should not be forced to comply with the various forum selection clauses in the Franchise Agreement, including because LeTip violated its terms by refusing to mediate (presumably in the hope of forcing litigation in Arizona); and LeTip is unlikely to succeed on the merits of the Arizona Action (or presumably on its defenses to the EDNY Action), including because:

*Grasing & Associates, P.C.*

Page | 2

A. The Post Termination Restrictive Covenants are Not Enforceable because they are too broad in scope, and their duration is self-contradictory within the Franchise Agreement and therefore should be read against the drafter, LeTip.

B. LeTip is Not Likely to Succeed on its claims, including for Breach of Contract, because it Breached the Contract Before the Termination and in Terminating the Franchise.

C. LeTip Will Not Suffer Irreparable Injury because it has an Adequate Remedy at law should it prevail on its claims because money damages can make it whole.

D. The Balance of the Hardships Weighs Against LeTip and in Favor of Defendants.

E. LeTip is not entitled to Equitable Relief because of its unclean hands.

Additionally, the parties to the EDNY Action include Plaintiff Secure Operations Monitoring Services, Inc. ("Secure Operations").

Secure Operations is not a party to the Arizona Action, in which LeTip is the Plaintiff. That is an admission by LeTip that Secure Operations is not material to their claims, which involve the Franchise Agreement between the Suffolk County New York LeTip Franchise formerly held by LISM, which is owned by Clifford Pfleger and Saranto Calamas, and its various post termination restrictive covenants, and the new company started by Saranto Calamas and Clifford Pfleger which eventually will be a business networking group, BxB Professionals.

Secure Operations has a standalone cause of action against LeTip in the EDNY Action (the 2nd Cause of Action for breach of its contract with LeTip, which is a distinct contract from the Franchise Agreement to which Secure Operations is not a party, and which was entered into years before the Franchise agreement was entered into between LeTip and LISM, and which survived LeTip's termination of the Franchise Agreement.)

Secure Operations a New York Corporation, which had nothing to do with the operations of the Suffolk County LeTip Franchise operated by LISM. It is an alarm company and not a business networking company. It was created years before the Franchise and LISM, when LeTip did not even have franchises (LISM obtained the LeTip Suffolk County Franchise in April 2020, which was the first, and so far the only, LeTip Franchise).

Secure Operations therefore should not be held to the forum selection clause in the Franchise Agreement even if it is enforced against the other Plaintiffs. The cases cited by Defendants support this. *Highland Crusader Offshore Partners, L.P. v. Targeted Delivery Techs. Holdings, Ltd.*, 184 A.D.3d 116, 122, 124 N.Y.S.3d 346, 352–53 (1st Dept. 2020), actually holds:

> A non-signatory may also be bound by a forum selection clause where the non-signatory and a party to the agreement have such a "close relationship" that it is foreseeable that the

*Grasing & Associates, P.C.*

P a g e | 3

forum selection clause will be enforced against the non-signatory (*see generally Freeford Ltd. v. Pendleton,* 53 A.D.3d 32, 39, 857 N.Y.S.2d 62 [1st Dept. 2008], *lv denied* 12 N.Y.3d 702, 876 N.Y.S.2d 350, 904 N.E.2d 505 [2009]). <u>The rationale for binding non-signatories is based on the notion that forum selection clauses "promote stable and dependable trade relations," and thus, that it would be contrary to public policy to allow non-signatory entities through which a party acts to evade the forum selection clause</u> (*Tate & Lyle,* 98 A.D.3d at 402, 949 N.Y.S.2d 375).

In *Tate & Lyle,* we applied the "closely related" doctrine where a plaintiff signatory was seeking to enforce a forum selection clause as against a defendant non-signatory. In determining whether a non-signatory is "closely related" to a signatory, we reasoned that the inquiry should focus on whether "the nonparty's enforcement of the forum selection clause is foreseeable by virtue of the relationship between the nonparty and the party sought to be bound" (98 A.D.3d at 402, 949 N.Y.S.2d 375 [internal quotation marks omitted]). <u>We found that the record demonstrated that the counterclaim defendant, the plaintiff's parent company, was closely related to its wholly-owned subsidiary and a signatory to a licensing agreement and therefore that it was "reasonably foreseeable" that it would be bound by a forum selection clause</u> ( **353 *id.* at 402–403, 949 N.Y.S.2d 375). <u>The CEO of the parent company testified that it was he who made the decision not to return the defendant's technology when the defendant had demanded its return and his decision to continue to use the technology at the subsidiary's plant. It was clear that the entities not only consulted with each other, but also were both involved in the decision-making process from the inception of the agreement through the commencement of the litigation. Thus, the parent could not seriously maintain that it was not reasonably foreseeable that the forum selection clause would be asserted against it.</u>

[Emphasis, by underlining, supplied].

Thank you for your time and attention to this matter. If you need anything further of us, please let us know and we will endeavor to provide it immediately.

Respectfully submitted,

*[signature]*

RAYMOND R. GRASING, ESQ.
The Law Firm of Grasing &
Associates, P.C.
*Attorneys for all Plaintiffs*
99 Smithtown Blvd., Suite 6,
Smithtown, NY 11787
Phone: 631-240-4480 •
Fax: 631-295-3380
email: rgrasing@grasinglaw.com

cc:  all counsel of record (via email & ECF)