UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LONG ISLAND SOCIAL MEDIA GROUP, LLC; SARANTO CALAMAS; CLIFFORD PFLEGER; SECURE OPERATIONS MONITORING SERVICES, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> LETIP INTERNATIONAL, INC.; LETIP WORLD FRANCHISE, LLC; SUMMER MIDDLETON; PAUL DELLAVALLE, <br><br> Defendants. | **MEMORANDUM AND ORDER** <br> Case No. 2:23-CV-9405 (FB) (ARL) |

*Appearances:*
*For the Plaintiffs:*
RAYMOND R. GRASING
Law Firm of Grasing and Associates, P.C.
99 Smithtown Blvd, Suite 6
Smithtown, NY 11787

*For the Defendants:*
BRIAN LAURENCE BANK
Rivkin Radler LLP
926 RXR Plaza
Uniondale, NY 11556

JEFFREY H. WOLF
Quarles & Brady
Two North Central Avenue,
Renaissance One
Phoenix, AZ 85004

**BLOCK, Senior District Judge:**

Plaintiffs Long Island Media Group, LLC, Saranto Calamas, Clifford

Pfleger, and Secure Operations Monitoring Services, Inc. (collectively, "Plaintiffs")

allege that Defendants LeTip International, Inc., LeTip World Franchise, LLC,

1

Summer Middleton, and Paul Dellavalle (collectively, "Defendants") breached a franchise agreement, LeTip International's bylaws, and a membership agreement, and defamed Plaintiffs. Defendants ask the Court to dismiss this case for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) or transfer it to the United States District Court for the District of Arizona under 28 U.S.C. § 1404(a). For the following reasons, the Court deems the forum selection clause applicable to all parties except Secure Operations, severs its claims, and transfers the remaining claims to the District of Arizona.

## I. Background

This case involves two distinct sets of claims: one arising out of the LeTip Suffolk County Franchise Agreement and another involving the LeTip International ("LeTip Int'l") bylaws and a membership agreement. Parties to the franchise agreement include defendant LeTip World Franchise, a subsidiary of defendant LeTip Int'l, and plaintiff Long Island Social Media Group ("LISM"), owned by its principal, plaintiff Clifford Pfleger, and plaintiff Saranto Calamas. The agreement, signed by LISM and Pfleger, allowed LISM to operate a LeTip franchise in Suffolk County and included a forum selection clause requiring claims be brought in Arizona. LISM alleges that Defendants breached this agreement by establishing competing chapters and terminating LISM's franchise because Pfleger

used an altered LeTip logo. Plaintiffs also allege that Defendants defamed Pfleger by claiming he altered the logo without permission.

Claims by plaintiff Secure Operation Monitoring Services ("SO"), also owned by Pfleger and not a party to the franchise agreement, arise from different facts. Defendant Middleton, who owns both LeTip World Franchise and LeTip Int'l, allegedly breached LeTip Int'l's bylaws and a membership agreement between SO and LeTip Int'l by terminating SO's company seat in the LeTip Int'l Port Jefferson Chapter at the insistence of defendant Dellavalle, a LeTip Int'l officer. SO also alleges defamation arising from this incident.

Plaintiffs filed this action with the Court on December 20, 2023, which Defendants allege violated the forum selection clause. LeTip World Franchise then filed a suit in the District of Arizona on January 23, 2024 (the "Arizona action"), including every party here except SO and LeTip Int'l. Defendants now seek to either dismiss this case or transfer it to the District of Arizona pursuant to the forum selection clause.

## II.    Forum Selection Clause

A district court should ordinarily transfer a case involving parties to a valid forum selection clause to its specified forum. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). Such a clause is presumptively enforceable if it (1) was reasonably communicated to the party resisting

enforcement, (2) is mandatory, and (3) covers the claims and parties in the dispute. *Phillips v. Audio Active, Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007). The resisting parties can rebut that presumption "by making a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Id.* at 383–84 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

  Plaintiffs argue the clause does not apply for four reasons: (1) it was not conveyed to SO, (2) Defendants did not first seek mediation, (3) it does not cover the defamation action, and (4) it would be unjust to enforce. The Court is not convinced. First, Plaintiffs concede the clause binds all plaintiffs besides SO. Second, Plaintiffs have waived the clause's mediation requirement by bringing this suit. *Roldan v. Second Dev. Servs., Inc.*, No. 16-CV-2364 (DLI) (PK), 2018 WL 1701938, at *7 (E.D.N.Y. Mar. 30, 2018) (explaining that party may not complain of condition precedent's nonoccurrence that it caused). Third, the clause covers the defamation claim because it "stems from [Defendant's] purported breach of the [franchise] [a]greement." *Horn v. Kirey*, 281 F. Supp. 3d 325, 329 (E.D.N.Y. 2017) (applying forum selection clause to defamation claim). Fourth, Plaintiffs do not make a "sufficiently strong showing" of the clause's unjustness beyond that conclusory statement. *Phillips*, 494 F.3d at 383 (quoting *M/S Bremen*, 407 U.S. at 15). As such, the forum selection clause applies to all parties except for SO.

Defendants then contend plaintiff SO, which did not sign the franchise agreement, is also bound by the clause because it is "so closely related to the dispute . . . that it becomes foreseeable that [they] would be bound.'" *Prospect Funding Holdings, LLC v. Vinson*, 256 F. Supp. 3d 318, 324–25 (S.D.N.Y. 2017) (quoting *Leviton Mfg. Co. v. Reeve*, 942 F. Supp. 2d 244, 257 (E.D.N.Y. 2013)) (allowing signatory to enforce forum selection clause against non-signatory); *see also Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 723 (2d Cir. 2013) ("The fact that a party is a non-signatory to an agreement is insufficient, standing alone, to preclude enforcement of a forum-selection clause." (cleaned up)). "Courts have found parties to be so 'closely related' that enforcement of a forum selection clause is 'foreseeable' in two kinds of situations: 'where the non-signatory had an active role in the transaction between the signatories or where the non-signatory had an active role in the company that was the signatory.'" *Affiliated FM Ins. Co. v. Kuehne + Nagel, Inc.*, 328 F. Supp. 2d 329, 336 (S.D.N.Y. 2018) (quoting *Vinson*, 256 F. Supp. 3d at 325).

Defendants argue SO should have foreseen being bound by the clause because Pfleger owns SO. But Pfleger's co-ownership of LISM and SO does not make the clause's application to SO foreseeable without some other involvement by SO, which Defendants do not allege. *See Miller v. Mercuria Energy Trading, Inc.*, 291 F. Supp. 3d 509, 524 (S.D.N.Y. 2018), *aff'd*, 774 F. App'x 714 (2d Cir.

5

2019) (refusing to find non-signatory closely related where relationship between it and signatory was "primarily horizontal" by virtue of shared owner, as opposed to vertical relationship where non-signatory owned signatory); *Recurrent Capital Bridge Fund I, LLC v. ISR Sys. & Sensors Corp.*, 875 F. Supp. 2d 297, 307–08 (S.D.N.Y. 2012) (explaining that foreseeability "implies that the nonsignatory must have been otherwise involved in the transaction in some manner"). Thus, the clause does not bind SO.

### III. Transfer or Dismissal of Remaining Signatory Parties' Claims

Defendants ask the Court to either dismiss the claims of parties bound by the clause, so they can be refiled as counterclaims in the Arizona action, or to transfer those claims to the District of Arizona. *See* 28 U.S.C. § 1406(a). The Court has discretion to either transfer or dismiss the claims in the interest of justice. *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1996); *Donner v. DER SPIEGEL Gmbh & Co. KG*, No. 23-CV-8196 (JGK), 2024 WL 4035215, at *10 (S.D.N.Y. Sept. 4, 2024). Plaintiffs concede that if the forum selection clause is enforced against all parties except SO, the Court should sever SO's claims for lack of personal jurisdiction in Arizona and transfer the rest. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006) ("Parties can consent to personal jurisdiction through forum-selection clauses."). The Court agrees.

Transferring, rather than dismissing, all but SO's claims furthers the interests of justice because it "promotes expeditious and orderly adjudication of this case on the merits." *McDermott v. Semolic*, No. 06-CV-3235 (JFB) (ETB), 2006 WL 3050877, at *3 (E.D.N.Y. Oct. 20, 2006) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962)). Rather than forcing Plaintiffs to start from square one, causing undue delay and wasting judicial resources, the District of Arizona can consolidate this case with the existing Arizona action, which involves similar facts. *See Foresight Luxembourg Solar 1 S.A.R.L. v. Kingdom of* Spain, No. 19 CIV. 3171 (ER), 2020 WL 1503192, at *5 (S.D.N.Y. Mar. 30, 2020) (favoring transfer where "there are parallel matters underway in" transferee court and consolidation is possible).

Plaintiffs rightly argue that the Court cannot transfer the claims of SO, as a non-signatory, because the District of Arizona cannot assert personal jurisdiction. *See Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960) (interpreting 28 U.S.C. § 1404(a)'s language that "transferee district was one in which the action 'might have been brought'" to require personal jurisdiction in transferee court). Severance is warranted to cure procedural defects like a lack of personal jurisdiction by the transferee court. *Wausau Bus. Ins. Co. v. Sentosacare, LLC*, No. 14-1040, 2014 WL 12972341, at *1 (2d Cir. May 20, 2014) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989)) (remanding to district court to consider whether to

7

sever non-diverse parties to cure jurisdictional defect); *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 329 (2d Cir. 2001) (explaining courts may cure jurisdictional defects by dismissing "spoilers [of jurisdiction] . . . pursuant to Fed.R.Civ.P. 21").

"In diversity cases . . . personal jurisdiction is determined by the law of the state in which the district court sits," *DiStefano v. Carrozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001), subject only to the limitation that the exercise of jurisdiction authorized by state law must comport with due process. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). Arizona's long-arm statute mirrors that limitation. *See* Ariz. R. Civ. Proc. 4.2(a); *Cybersell v. Cybersell*, 130 F.3d 414, 416 (9th Cir. 1997). "To comport with due process, a forum state may exercise jurisdiction over an out-of-state corporate defendant only if the defendant has 'certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 149 (2d Cir. 2019) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011)).

SO is a New York corporation and the events underlying its claims occurred in New York. Pl. Opp. 2, ECF No. 24. Plaintiffs do not mention any contacts that could arguably create jurisdiction over SO in Arizona besides the forum selection clause inapplicable to it. And severance would not fracture proceedings because

8

SO's claims involve distinct facts and the LeTip Int'l bylaws and a membership agreement, not the franchise agreement that contained the forum selection clause. As such, the Court agrees to sever SO's claims from those of the remaining parties.

## IV. Conclusion

The Court retains jurisdiction over plaintiff Secure Operations Monitoring Services' severed claims. The Clerk is directed to transfer the remaining claims by plaintiffs Long Island Social Media Group, LLC, Saranto Calamas, and Clifford Pfleger to the District of Arizona.

**SO ORDERED.**

                                                                    /S/ Frederic Block
                                                                    FREDERIC BLOCK
                                                                    Senior United States District Judge

Brooklyn, New York
November 12, 2024