UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SECURE OPERATIONS MONITORING
SERVICES, INC.,

              Plaintiff,

    -against-

LETIP INTERNATIONAL, INC., LETIP
WORLD FRANCHISE, LLC, SUMMER
MIDDLETON, and PAUL DELLA VALLE,

              Defendants.

**MEMORANDUM AND ORDER**
Case No. 23-cv-9405 (FB) (ARL)

*Appearances:*
*For the Plaintiff:*
RAYMOND R. GRASING
Law Firm of Grasing and Associates, P.C.
99 Smithtown Blvd
Suite 6
Smithtown, NY 11787

*For the Defendants:*
BRIAN LAURENCE BANK
Rivkin Radler LLP
926 Rxr Plaza
Uniondale, NY 11556

JEFFREY H. WOLF
Buchalter LLP
15279 North Scottsdale Road, Suite 400
Scottsdale, AZ 85254

**BLOCK, Senior District Judge:**

Defendants move to dismiss plaintiff Secure Operations Monitoring Services, Inc.'s

("Secure Operations's") claims under Fed. R. Civ. P. 12(b)(6). For the following reasons,

Defendants' motion is **GRANTED** in part and **DENIED** in part.

## I.    Background

Defendant LeTip World Franchise ("LeTip Franchise") "is a privately-owned business

leads networking organization comprised of more than 250 franchises," and defendant LeTip

International ("LeTip Int'l") is its parent company (collectively, "LeTip"). *Letip World Franchise*

*LLC v. Long Island Soc. Media Grp. LLC*, No. CV-24-00165-PHX-KML, 2025 U.S. Dist.

LEXIS 95666, at *1–2 (D. Ariz. May 20, 2025). LeTip Franchise grants franchises to individuals to operate regional LeTip Franchise Chapters. *Id*. at *2. LeTip Int'l is owned by defendant Summer Middleton, and Paul Della Valle is an officer of LeTip Franchise. *Id*.

Cliff Pfleger was a member of LeTip and operated a regional franchise. *Id*. A dispute between Pfleger, his franchise, and LeTip arose, with each bringing claims alleging violations of the franchise agreement by the other. Pfleger brought those claims in this Court, and this Court then transferred the claims to the District of Arizona because of an operative forum selection clause in the franchise agreement. Memorandum and Order, Dkt. 29.

However, Pfleger also owns Secure Operations, a security alarm company. Compl., ¶ 86. Both Plfeger and Secure Operations were members of LeTip's Port Jefferson, New York Chapter. Compl., ¶¶ 1–2. Secure Operations brought its own claims against LeTip, but because it was not a party to the franchise agreement, those claims were not transferred and were instead severed. Secure Operations's claims are the subject of this order.

Pfleger both represented Secure Operations at LeTip and also had an individual membership. His individual membership was terminated when he apparently joined a competing networking group, in violation of the membership agreement. *Id*. at ¶ 88. The complaint accuses the defendants of then improperly terminating Secure Operations's company seat. *Id*. at ¶¶ 90–103. According to the complaint, when Plfeger's membership was terminated, depriving Secure Operations of its representative at LeTip, LeTip's bylaws entitled Secure Operations to name a successor to represent it. *Id*. LeTip, however, instead allegedly terminated Secure Operations's membership. *Id*. Secure Operations thus brings a breach of contract action against the defendants for violating the membership agreement, and it seeks damages for the business it allegedly lost as a result of lost LeTip referrals. *Id*. at ¶¶ 115–20.

Secure Operations also brings a defamation per se claim against all the defendants. Apparently Pfleger put a decal on his personal boat of an altered LeTip logo, which he modified to read "Just LeTip." *Id*. at ¶ 54. The complaint specifically accuses Middleton of "stat[ing] that Cliff Pfleger intentionally altered the LeTip Logo, and used the Altered LeTip Logo, to turn it into a sexually suggestive, vulgar, phrase[.]" *Id*. at ¶ 122. The complaint asserts that this statement was false and thus constitutes defamation per se. *Id*. at ¶¶ 124–26.

Defendants now move to dismiss the complaint for failure to state claim.

## II.    Discussion

To survive a 12(b)(6) motion to dismiss for failure to state a claim, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In reviewing a motion to dismiss, the court accepts as true all well-pled factual allegations and draws all reasonable inferences in the non-moving party's favor. *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). Both parties attached several exhibits and declarations to their briefing on the motion to dismiss, so the Court reminds the parties of the following:

> In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. Where a document is not incorporated by reference, the court may never[the]less consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint. However, even if a document is integral to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.

*DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (cleaned up and internal citations omitted).

3

On the other hand, Fed. R. Civ. P. 12(d) provides that, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Because the issues presented can be resolved as a matter of law without converting defendants' motion into one for summary judgment, the Court declines to do so. Accordingly, the Court excludes the exhibits attached to the parties' briefing. None of the materials submitted were included as exhibits with the complaint and thus they cannot be considered on that ground. *DiFolco*, 622 F.3d at 111. The emails submitted by Secure Operations as Pl.'s Ex. B are plainly not "integral to the complaint" and so are excluded. *Id*. The parties submitted LeTip's bylaws as Def.'s Ex. 3 and Pl.'s Ex. A. Although the bylaws could be considered integral to the breach of contract claim, because the plaintiff and defendants submit competing versions of the bylaws, a "dispute exists regarding the authenticity or accuracy of the document," and as such, they are also excluded. *Id*. In any event, as hereinafter explained, Secure Operations's breach of contract claim against LeTip survives.

    a.   <u>Breach of Contract Claim</u>

In its breach of contract claim, Secure Operations contends that the defendants breached the LeTip Membership Agreement and bylaws by not permitting it to name a successor to Pfleger to represent it and instead terminating Secure Operations's company seat in the LeTip Int'l Port Jefferson Chapter. Defendants respond that (1) no contract existed between Secure Operations and defendants Middleton or Della Valle and thus no breach of contract action can be maintained against them; (2) LeTip did not breach the membership agreement in terminating Secure Operations's membership, and thus the complaint fails to state a claim.

A breach of contract action may not be maintained "absent proof of a contractual relationship or privity between the parties[.]" *Stapleton v. Barrett Crane Design & Eng'g*, 725 F. App'x 28, 30–32 (2d Cir. 2018).

The complaint does not allege any contractual relationship between Secure Operations and Middleton or Della Valle. The only operative contract, the membership agreement, was between Secure Operations and LeTip. Compl., ¶ 116. Perhaps recognizing this, Secure Operations's brief argues that it should be allowed to pierce the corporate veil and hold Middleton and Della Valle personally liable for LeTip's alleged breach. This Hail Mary argument fails for two reasons. First, the complaint does not allege any facts which would plausibly support piercing the corporate veil. *See NetJets Aviation, Inc. v. LHC Communs., LLC*, 537 F.3d 168, 176 (2d Cir. 2008) (explaining the requirements to pierce the corporate veil). More fatally, under New York law, "a simple breach of contract, without more, does not constitute a fraud or wrong warranting the piercing of the corporate veil." *Skanska USA Bldg. Inc. v Atlantic Yards B2 Owner, LLC*, 2016 NY Slip Op 06903, 6, 146 AD3d 1, 12, 40 N.Y.S.3d 46 (App. Div. 1st Dept.), *aff'd* 31 NY3d 1002, 74 N.Y.S.3d 805, 98 N.E.3d 720 (2018). The complaint thus fails to state a claim for breach of contract against Middleton or Della Valle.

Secure Operations does, however, allege a contractual relationship with LeTip. Compl., ¶ 116. Defendants contend that the breach of contract claim against LeTip fails because Secure Operations lost its eligibility to be a member when it joined a competing networking group. Secure Operations responds that it was Pfleger, rather than the company itself, that joined a competing networking group. Accordingly, although Pfleger's membership could be terminated, Secure Operations, as a distinct entity, should have been allowed to continue its membership by naming a new representative. Thus, it is disputed whether LeTip had a right to terminate Secure

Operations's membership or whether it violated the membership agreement in doing so. The parties, in fact, submit competing versions of the LeTip bylaws in support of their arguments. Def.'s Ex. 3; Pl.'s Ex. A. As this discussion makes clear, this is a factual question that cannot be resolved at the motion to dismiss stage. Accepting, as the Court must, Secure Operations's well-pled factual allegations as true, it has made out a plausible claim that LeTip improperly terminated its membership and thus breached the membership agreement. Therefore, Secure Operations has sufficiently pleaded a breach of contract claim against LeTip.

      b.  <u>Defamation Per Se Claim</u>

Secure Operations brings a defamation per se claim against all the defendants for statements allegedly made by Middleton that it contends are defamatory. The complaint accuses Middleton of "stat[ing] that Cliff Pfleger intentionally altered the LeTip Logo, and used the Altered LeTip Logo, to turn it into a sexually suggestive, vulgar, phrase[.]" Compl., ¶ 122. This claim fails for multiple reasons.

First, the complaint only alleges a defamatory statement by Middleton, not the other defendants. *Id*. at ¶ 123. The complaint thus fails to state a defamation claim against LeTip or Della Valle.

Second, the alleged defamatory statement concerned Pfleger (acting in his personal capacity), not Secure Operations itself. The complaint thus fails to make out any plausible claim that Secure Operations itself was defamed.

Third, the complaint does not explain how the statement was false, which is an element of defamation. *Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 247 (2d Cir. 2017). Pfleger *did* modify the logo and Middleton's noting that the modified logo was "sexually

suggestive" and "vulgar" is not a false statement of fact. *Letip World Franchise LLC v. Long Island Soc. Media Grp. LLC*, 2025 U.S. Dist. LEXIS 95666, at *17.

Fourth, the Arizona District Court, in considering Pfleger's identical defamation claim in the consolidated action following transfer from this Court, dismissed it for the reasons just explained. *Id*. at *14–18 (D. Ariz. May 20, 2025). This Court opts to follow the Arizona District Court's prior decision on this matter.

For all these reasons, Secure Operations's defamation per se claim is dismissed.

### III.    Conclusion

In sum, defendants' motion to dismiss the breach of contract claims against Middleton and Della Valle is granted but their motion to dismiss the breach of contract claim against LeTip is denied. Defendants' motion to dismiss the defamation claim is granted.

**SO ORDERED.**

       /S/ Frederic Block_____
       FREDERIC BLOCK
       Senior United States District Judge

Brooklyn, New York
February 20, 2026